IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANN MARIE PYLE                                                    PLAINTIFF


        v.                          CIVIL NO. 08-2146


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ann Marie Pyle, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). Plaintiff moves to supplement the record with additional medical evidence and to have her case remanded to the Commissioner for consideration of this evidence. (Doc. 9).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for SSI on September 8, 2006, alleging an inability to work since August 7, 2006, due to a back pain and breast cancer and side effects associated with treatment. (Tr. 45, 89). An administrative hearing was held on February 29, 2008, at which plaintiff appeared with counsel and testified. (Tr. 10-31).

By written decision dated August 5, 2008, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 49). However, after reviewing all of the evidence presented, he determined that plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 49). The ALJ found that

from the alleged onset date through February 13, 2008, plaintiff was disabled. (Tr. 50). As of

February 14, 2008, the ALJ found plaintiff maintained the residual functional capacity to perform

a full range of light work. (Tr. 50). The ALJ, with the use of the Medical-Vocational Guidelines

(Grids), found plaintiff was not disabled. (Tr. 50).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which,

after reviewing the additional evidence, denied that request on November 20, 2008.[1] (Tr. 1-4).

Subsequently, plaintiff filed this action. (Doc. 1). The case is before the undersigned for report

and recommendation.

## II.    Evidence Presented:

The evidence which plaintiff now moves to supplement the record with and have

considered on remand consists of medical records showing ongoing treatment for plaintiff's

medical problems stemming from her diagnosis of breast cancer in 2006.[2] The medical evidence

reveals plaintiff presented in September of 2008 with symptoms of fatigue and itchy hands and

after testing plaintiff was diagnosed with and started treatment for acute myeloid leukemia

secondary to the treatment plaintiff underwent for her breast cancer. (Doc. 9, Attachments 1-10).

---

[1]The court notes, the record reveals the Appeals Council reviewed additional medical evidence submitted by plaintiff, but that evidence is not part of the record currently before the court. (Tr. 2). We note, the Eighth Circuit Court of Appeals has held that reports submitted to the Appeals Council after the ALJ's decision are part of the record on appeal. *Davidson v. Apfel*, 501 F.3d 987, 989-990 (8th Cir. 2007).

[2]The court advises plaintiff's counsel to more carefully remove duplicate medical evidence prior to submitting it to the court.

AO72A
(Rev. 8/82)

### III.    Discussion:

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence used as basis for remand did not exist on August 5, 2008, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)); *Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir.1984) ("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence as it appears to indicate that plaintiff's impairments impose

AO72A
(Rev. 8/82)

limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

**IV.      Conclusion:**

Based on the foregoing, we recommend this matter be remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 25th day of September 2009.

/s/  *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-4-